**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MAXIMO SALAMO-OLMEDA *<br>*<br>Petitioner *<br>*<br>v. *<br>*<br>UNITED STATES OF AMERICA *<br>*<br>Respondent *<br>*********************************** | Civil No. 06-2008(SEC) |

**OPINION AND ORDER**

Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence (Docket # 1). After considering his motion, the Government's Opposition thereto (Docket # 10), Petitioner's Supplemental Motion (Docket # 11), the Government's Response in Opposition (Docket # 16), and petitioner's Reply (Docket # 17), the Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

**Factual and Procedural Background**

On August 30, 2001, petitioner, Maximo Salamo-Olmeda ("Salamo-Olmeda"), was charged, along with three (3) other co-defendants, in a two (2) count indictment. See Case No. 01-638 (JAF), Docket # 2. Count One charged petitioner with, from 1992 to June 2001, conspiracy to possess with the intent to distribute multi-kilogram quantities of controlled substances, namely in excess of one (1) kilogram of Heroin, a Schedule I Narcotic Drug Controlled Substance, in excess of five (5) kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance, and in excess of five (5) kilograms of cocaine base, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

On April 16, 2002, petitioner entered a straight plea of guilty to the charge, contained in Count One of the indictment, of conspiracy to possess with the intent to distribute cocaine in excess of five (5) kilograms. See Case No. 01-638 (JAF), Rule 11 proceedings Tr. p. 18. Thus, there was no plea agreement of any sort. Later at the Sentencing Hearing the Court

2

found, supported by the record, that Salamo-Olmeda was responsible for the distribution of ninety-six (96) kilos of cocaine. See Case No. 01-638 (JAF), Sentencing Hearing Tr. p. 29. Since this was more than fifty (50) kilos but less than one-hundred-and-fifty (150) kilos the applicable guideline range was thirty-six (36) (U.S.S.G. § 2D1.1(c)(2)). The applicable guideline was enhanced by two levels because firearms were possessed by the conspiracy during the drug trafficking (U.S.S.G. § 2D1.1(b)(1)), but the Court reduced the offense level by two levels because Salamo-Olmeda confessed and accepted personal responsiblity for his criminal conduct (U.S.S.G. § 3E1.1(a)). See id. at 57. These modifications cancelled each other out and left the offense level at thirty-six (36). Given Salamo-Olmeda's previous criminal history the Court found he had a criminal category of four (4). See id. at 58. Thus, the guideline range was for 262 to 327 months of incarceration. The Court decided to impose a sentence at the top of the guideline because (a) it deemed that Salamo-Olmeda was an intermediary between drug sources and the very dangerous Ramos-Martínez brothers drug organization, (b) the Court found that Salamo-Olmeda's criminal history category under-represented his actual criminal history, and (c) because Salamo-Olmeda was an enforcer for the organization. See Case No. 01-638 (JAF), Sentencing Hearing Tr. p. 58-59. Thus, Salamo-Olmeda was sentenced to 327 months of incarceration, and to a supervised release of six (6) years after said incarceration. See id. at 59.

Judgment was entered on November 20, 2002. See Case No. 01-638 (JAF), Docket # 133. An appeal was filed six days later on November 26, 2002. See id. at docket # 140. The United States Court of Appeals for the First Circuit ruled affirming the District Court's decision and entered judgment on October 12, 2005. See id. at docket # 189. Finally, as noted above, Salamo-Olmeda filed the instant Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. 2255 on October 6, 2006. See Docket # 1.

**Standard of Review**

Federal District Courts have the jurisdiction to entertain motions under section 2255

of title 28 of the United States Code when a petitioner is in incarcerated by sentence of a federal court. See 28 U.S.C. §2255. Section 2255 provides four grounds on which a federal prisoner may challenge his sentence: (1) the sentence imposed is in violation of the Constitution and/or laws of the United States; (2) the court lacked the jurisdiction to impose the sentence; (3) the sentence exceeded the maximum term authorized by law; or (4) the sentence is otherwise subject to collateral review. See id. Should a court find any of these errors, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id.

The petitioner bears the burden of establishing, by a preponderance of the evidence, that he is entitled to relief. United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978). In particular, "[t]he burden is on the petitioner to demonstrate ineffective assistance by a preponderance of the evidence." Lema v. U.S., 987 F.2d 48, 51-52 (1st Cir. 1993). Also, in petitions that are inadequate on their face, or although facially adequate, are "conclusively refuted as to the alleged facts by the files and records of the case, *summary dismissal* is appropriate." Id. Additionally, "even a section 2255 petition predicated on specific assertions of fact allegedly supported in the record may be dismissed summarily by the district court," provided "the district court can ... 'test' the ... allegations by assuming *arguendo* their truth, and then assessing their sufficiency in light of the relevant constitutional standards and the record." Id.

**Applicable Law and Analysis**

Petitioner's objections, while long in number and accompanied by a brief account of the relevant law, are mostly conclusory statements alleging that he has met various legal standards. Petitioner, however, offers no real argumentation to sustain these claims. There is a long line of cases in the First Circuit that stand for the proposition that: "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived." U.S. v. Jiminez, 498 F.3d 82, 88 (1st Cir. 2007) (citing United States v.

Zannino, 895 F.2d 1, 17 (1st Cir.1990)).  Thus, the Court could dismiss most of Petitioner's objections based on this standard.  However, we will quickly address his objections.

The First Circuit has consistently held that: "[i]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion,." Singleton v. U.S., 26 F.3d 233, 240 (1st Cir. 1994) (citing Dirring v. U.S., 370 F.2d 862, 864 (1st Cir. 1967)).  Thus, any issue seen on direct appeal by the First Circuit, relating to Case No. 01-638 (JAF), is precluded from being considered by this Court through the use of a 28 U.S.C. § 2255 motion. In addition, in so far as petitioner is seeking to add new elements to his constitutional claim not raised in his direct appeal, he must show cause for the failure to do so and actual prejudice stemming from it. See Knight v. U.S., 37 F.3d 769, 774 (1st Cir. 1994).

Of the five grounds that Salamo-Olmeda asserts in his § 2255 motion, only ground four, ineffective assistance of counsel, escapes the shredder created by the preclusive effect of having been previously brought up on direct appeal or of not having been brought up during such appeal.  Issues related to the gun enhancement, the drug quantity determination, and/or the application of the sentencing guidelines were thus settled by the First Circuit and are thus beyond the review of this Court. See Case No. 01-638 (JAF), Docket # 189.

In addition, we find that the Rule 11 hearing transcript clearly shows that Salamo-Olmeda understood his right to trial, the rights associated to said right, that he knew the maximum possible punishment that could be imposed on him upon conviction, that he had not been coerced, and that he voluntarily and knowingly tendered his plea of guilty.  This fact is mortal to Petitioner's claims of ineffective assistance of counsel.  According to Strickland v. Washington, 466 U.S. 668 (1984), a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694 .  In the instant case Petitioner alleges that his Counsel misinformed him at various stages of the proceedings.  However, as the Rule 11 hearings

transcripts clearly show, Petitioner was both informed and questioned by the Court about every bit of information Petitioner now alleges his attorney misinformed him about. See Docket # 1, Ex. 1 pp. 5-15; & Case No. 01-638 (JAF), Rule 11 proceedings Tr. pp. 5-7, & 9-18.

It is clear from the record: (1) that Salamo-Olmeda's attorney explained the consequences of the plea change to guilty to the petitioner (see Case No. 01-638 (JAF)), Rule 11 proceedings Tr. p. 5); (2) that petitioner was competent to tender his guilty plea (see id.); (3) that he had adequate time to discuss with his attorney the charge Salamo-Olmeda pled guilty to, including its elements, nature, and penalties related to a conviction based on said offense (see id. at 6); (4) that Salamo-Olmeda was both satisfied with and understood the advice and representation he received about that charge (see id.); (5) that he had the right to continue to plead not guilty, to go to trial on the charge, to have the assistance of counsel at said trial, and that counsel would be appointed to him were he unable to pay for it (see id. at 7); (6) that if the Court accepted the plea of guilty petitioner would be giving up his right to a jury trial (see id. at 9); (7) that there would be no trial in such an event (see id.); (8) that the Court would enter a judgment of guilty against him and a sentence on that count, which he would in turn have no effective right of appeal from the conviction that would follow (see id.); (9) that by entering the plea he waved his right against self-incrimination (see id.); (10) that the Court would be required to ask questions in the further course of the inquiry about his conduct leading to the charge and that he would have to answer them truthfully (see id.); (11) that he could be sentenced to a term of not less than ten years but up to a maximum of life in prison plus a period of not less than five years of supervised upon completion of any term of incarceration (see id. at 11); (12) that Pedrosa explained all of the above to Salamo-Olmeda and he fully understood it (see id. at 11); (13) that there was no plea agreement in the case (see id. at 15); (14) that it was the Court's final and exclusive authority to determine what would be the appropriate sentence in the case (see id.); (15) that the determination of

**Civil No. 05-1563(SEC)**                                                                                                           6

the appropriate sentence would be governed by the Sentencing Commission Guidelines and that he had conferred with counsel as to how the guidelines could apply to this case (see id. at 16); (16) that the judge had the authority to impose a sentence either more or less severe than that called for by the applicable guideline (see id. at 17); that both Salamo-Olmeda and the Government could appeal any sentence that was imposed (see id.); and (18) that he would actually have to serve the totality of any sentence imposed in a prison (see id.).

Thus, even if this Court believed that the attorney withheld information or misinformed him, as petitioner now alleges in clear contradiction to his previous statements in the Rule 11 hearing, the record shows that Petitioner was fully aware of all these issues when he entered his guilty plea since the Court addressed them to the Petitioner at that time. Therefore, petitioner fails to meet the awesome burden presented by the Strickland test when he fails to show any real prejudice that would have come from his attorney's alleged inefficient assistance. As such, his ineffective assistance of counsel claim must fail.

**Conclusion**

For the reasons stated above, Petitioner's motion under 28 U.S.C. § 2255 is hereby **DISMISSED with prejudice**.

**SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of June, 2009.

S/ *Salvador E. Casellas*

SALVADOR E. CASELLAS
United States District Judge