IN THE UNITED STATES DISTRICT COURT
**FOR THE DISTRICT OF PUERTO RICO**

MAXIMO SALAMO-OLMEDO

Petitioner

v.

UNITED STATES

Respondent

CIVIL NO. 06-2008 (SEC)

**ORDER**

Petitioner, Maximo Salamo-Olmedo ("Salamo") has petitioned this Court for a Certificate of Appealability in accordance with FED. R. APP. P. 22(b) and 1ST CIR. R. 22.1. See Docket # 24. After careful review of the record, this Court finds that the issues raised in the Motion for Certificate of Appelability as to Petitioner's allegations regarding ineffective assistance of counsel are not debatable among jurists of reason. In light of this, and for the reasons set forth below, Petitioner's request for a certificate of appealability is hereby **DENIED**.

In order to obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This, in turn, requires that petitioner "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 337 ( 2003)(citing Barefoot v. Estelle, 463 U.S. 880 (1983)(quotations omitted); see also Smith v. U.S., 989 F. Supp. 371, 374 (D. Mass. 1997)(citations omitted); Pérez Vega v. U.S., Civil No. 04-1636, 2006 WL 752999 at *1 (D.P.R. March 22, 2006). Petitioner fails to meet the reasonable jurist standard, namely because the issues are all connected to the severity of his

**CIVIL NO.  06-2008 (SEC)** Page 2

sentence, which has already been affirmed upon direct appeal. Nevertheless, he argues that his guilty plea, and subsequent sentence enhancements were the product of ineffective assistance of counsel.

A convict appealing on the grounds of ineffective counsel must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's unreasonably deficient performance there is a reasonable probability that the results of the proceedings would be different. Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006); see also Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner makes two arguments regarding ineffective assistance of counsel. He first alleges that his counsel, "failed to subject an admittedly unauthorized tape recording to meaningful adversarial testing," and secondly that he "failed to inform the petitioner of a 25-year plea offer . . ." Docket # 24 at 2.

However, this Court has determined that Petitioner was cognizant of the consequences of pleading guilty, which mooted these two issues. See Docket # 19 at 5-6. Furthermore, the drug quantity determination, which Petitioner alleges was erroneously affected by the use of an unlawful tape recording, has already been unsuccessfully argued on appeal. Furthermore, the First Circuit directly discussed the credibility of said tape when it affirmed Petitioner's original sentence. See U.S. v. Salamo-Olmedo, Crim. No. 02-268 (1st Cir. Nov. 2, 2005).

In light of the fact that the record shows that Petitioner was duly informed of the consequences of his plea, there is no room for a collateral attack on his sentence based on ineffective assistance of counsel. Second guessing the process at this juncture would not be reasonable when taken in context of the clarity of the record, and Petitioner's prior appeal.

**CIVIL NO.  06-2008 (SEC)** **Page 3**

Therefore, for all the foregoing, Petitioner's Motion is **DENIED**. Petitioners Motion to Proceed *In Forma Pauperis* is also **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 17th day of December, 2009.

>  *S/Salvador E. Casellas*
>  Salvador E. Casellas
>  U.S. Senior District Judge